IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GLORETHA HOPKINS,　§ | |
| 　　Plaintiff,　§ | |
| 　§ | |
| v.　§ | Civil Action No. 4:13-cv-417 |
| 　§ | |
| SETERUS, INC.,　§ | |
| 　　Defendant.　§ | |

## NOTICE OF REMOVAL

Defendant Seterus, Inc. ("Defendant" and "Seterus") hereby removes this action from the 434th Judicial District Court of Fort Bend County, Texas, to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §§ 1332, 1446.  Removal is based on diversity jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  In support of this notice, Defendant states as follows:

### BACKGROUND

1.　This lawsuit was originally filed by Plaintiff on February 5, 2013 in the 434th Judicial District Court of Fort Bend County, Texas, Cause No. 13-DCV-203966.  A copy of the docket sheet is attached as Exhibit A.  A complete copy of the state court file is attached within the contents of Exhibit B.

2.　Seterus has not been properly served.

3.　The allegations in Plaintiff's *Original Petition Contesting the Right to Foreclose; Declaratory Judgment & Application for Temporary Restraining Order & Temporary Injunction* (the "Petition") related to the servicing of Plaintiff's mortgage loan secured by the property located at 7403 Maczali, Missouri City, Texas 77489 (the "Property").  (*See Pl's Orig. Pet.* at

¶2.) Plaintiff maintains that Defendant must prove its authority to foreclose and also alleges that Defendant did not provide the proper notices of sale. (*See Pl's Orig. Pet.* at ¶¶6-8.) For these alleged wrongs, which Defendant emphatically denies, Plaintiffs seeks an injunction against Defendant from foreclosing on the loan and attorneys' fees. (*Id.* at Prayers.)

## THE NOTICE OF REMOVAL IS TIMELY AND PROPERLY FILED

4. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

5. The removal of this action to this Court is timely under 28 U.S.C. § 1446(b). This action was filed less than thirty (30) days ago and Defendant has not been properly served.

6. The United States District Court for the Southern District of Texas, Houston Division is proper place to file this Notice of Removal under 28 U.S.C. § 1446(a) because it is the federal district court that embraces Fort Bend County, Texas, which is the place where the original action is pending.

7. Concurrently with this Notice of Removal, Defendant will file a copy of the Notice with the 434th Judicial District Court of Fort Bend County, Texas.

## REMOVAL BASED ON DIVERSITY JURISDICTION

8. Removal is proper under 28 U.S.C. § 1332.

**A. There is complete diversity.**

10. Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. Sections 1332, 1441(a) and (b) because the amount in controversy is in excess of $75,000.00 exclusive of interest, costs, and attorneys' fees.

11. Plaintiff is a citizen of the State of Texas. (*See Pl's Orig. Pet.* at ¶2.)

12. Defendant Seterus is a Delaware corporation with its principal place of business in North Carolina, making it a citizen of Delaware and North Carolina for diversity purposes.

13. Because there is diversity of citizenship between Plaintiff and Defendant, this Court has subject matter jurisdiction over this action.

### B. The amount in controversy exceeds $75,000.00.

14. The amount in controversy exceeds the sum or value of $75,000.00. Plaintiff seeks, *inter alia*, an injunction against foreclosure and eviction and attorneys' fees. (*See Pl's Orig. Pet.* at Prayers.)

15. It is well established Fifth Circuit precedent that when a plaintiff's complaint does not allege a specific amount of damages, and removal is based on diversity of citizenship, the removing defendant need simply prove that the amount in controversy exceeds $75,000.00 by a preponderance of the evidence. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723-24 (5th Cir. 2002); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

16. Jurisdiction is proper if "it is facially apparent" from the complaint that the "claims are likely above [$75,000]." *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 639 (5th Cir. 2003) (citations omitted). When a complaint does not expressly demand an amount in excess of $75,000.00, the defendant "may support federal jurisdiction by setting forth the facts—[either] in the removal petition [or] by affidavit—that support a finding of the requisite amount." *Id.*; *see also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

17. In the Fifth Circuit, when declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983).

18. Plaintiff seeks to have Defendant enjoined from foreclosing on the loan. (*See Pl's Orig. Pet.* at Prayer.) If Defendant is enjoined foreclosing on the Property, it will lose its interest in the subject loan. The amount due on the loan as of February 11, 2013 was $94,568.94, of which $94,553.94 is secured by the Property. (Exhibit C, C-1.)

19. Plaintiff also requests attorneys' fees, which to the extent applicable in this action, are properly considered in determining the amount in controversy. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (attorney's fees authorized by statute are considered in determining the amount in controversy); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864 (5th Cir. 2002) (though considering attorney's fees in a putative class action, to like effect). Similar cases have awarded attorneys' fees exceeding the jurisdictional minimum. *See, e.g., Moreno v. Kleberg First National Bank of Kingsville*, 105th District of Kleberg County, Texas (jury verdict included $570,000.00 in attorneys' fees against bank for fraud claims and threats of foreclosure relating to plaintiffs' home mortgage loan).

20. Defendant categorically denies that Plaintiff is entitled to an award of damages in any amount whatever, but there can be no question that Plaintiff's Petition places an amount in controversy that exceeds $75,000.00.

## VENUE

21. Venue for removal is proper in this District and Division under 28 U.S.C. Section 1441(a) because this district and division embrace the 434th Judicial District Court of Fort Bend County, Texas, the forum in which the removed action was pending.

## **NOTICE**

22. Concurrently with the filing of this Notice, Defendant will file a copy of this Notice of Removal with the Clerk of the 434th Judicial District Court of Fort Bend County, Texas.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
Southern District Admission # 21340
mcronenwett@mwzmlaw.com

**LINDSAY L. STANSBERRY**
Texas Bar No. 24041968
Southern District Admission # 38475
lstansberry@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 North Dallas Parkway, Ste. 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**Attorneys for Defendant**

## LIST OF ALL KNOWN COUNSEL OF RECORD

**For Plaintiff:**
*Pro se*
Gloretha Hopkins
7403 Maczali
Missouri City, Texas 77489
Phone number unknown.


**For Defendant Seterus, Inc.:**
Mark D. Cronenwett
Texas Bar No. 00787303
Southern District Admission # 21340
mcronenwett@mwzmlaw.com
Lindsay L. Stansberry
Texas Bar No. 24041968
Southern District Admission # 38475
lstansberry@mwzmlaw.com
Mackie Wolf Zientz & Mann, PC
14160 North Dallas Parkway, Ste. 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

## INDEX OF DOCUMENTS ATTACHED

Exhibit A    Copy of the Docket Sheet for Cause No. 13-DCV-203966 in the 434th Judicial District Court of Fort Bend County, Texas;

Exhibit B    Pleadings in Cause No. 13-DCV-203966 in the 434th Judicial District Court of Fort Bend County, Texas;

    B-1    Original Petition Contesting the Right to Foreclose; Declaratory Judgment & Application for Temporary Restraining Order & Temporary Injunction, February 5, 2013;

    B-2    Case Information Filing Sheet, February 5, 2013;

    B-3    Acknowledgement by Propia Persona Party, February 5, 2013;

    B-4    Notice to Gloretha Hopkins from District Clerk, February 5, 2013;

    B-5    Request for Process on Seterus, Inc., February 5, 2013;

    B-6    Order for Issuance of Temporary Restraining Order and Setting Hearing on Application for Temporary Injunction, February 5, 2013;

    B-7    Temporary Restraining Order, February 5, 2013;

Exhibit C    Declaration of _____; and

    C-1    Correspondence with payoff amount, February 11, 2013.

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 15th day of February, 2013, a true and correct copy of the foregoing document was delivered in the manner indicated:

*Via regular mail and certified mail, return receipt requested:*
Gloretha Hopkins
7403 Maczali
Missouri City, Texas 77489

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Mark D. Cronenwett*
　　　　　　　　　　　　　　　　　　　　　　　　**MARK D. CRONENWETT**